## JOHNSON v. HANOVER TRUST CO.

District Court, M. D. Pennsylvania. January 13, 1928.

No. 517.

1. Bankruptcy ⟨⟨⟩⟩288(14)—Money realized from sale of bankrupt's stock under execution on judgment secured by individual creditor held, under evidence, to belong to trustee.

Money realized from sale of bankrupt's stock *held* under evidence, to belong to trustee in bankruptcy for benefit of unpaid creditors, and not to individual creditor holding note, who levied on such stock and caused it to be sold, after securing judgment against bankrupt, where such creditor, in presenting note for payment to trustee in bankruptcy and accepting dividends, was prevented from denying that note was claim against bankrupt's estate.

2. Bankruptcy ⟨⟨⟩⟩288(4)—Trustee held not guilty of laches in delaying to collect bankrupt's stock, which he believed worthless.

Trustee in bankruptcy *held* not guilty of laches in delaying to collect certain stock belonging to bankrupt, where he was under impression that stock was worthless, and proceeded as soon as he was informed that stock constituted asset of estate.

In Equity. Rule by James F. Johnson, trustee of the bankrupt estate of Samuel Want, to show cause why the Hanover Trust Company should not deliver certain property to petitioner. Prayer of petitioner granted, and rule made absolute.

Hause, Evans & Baker, of Harrisburg, Pa., for plaintiff.

Ehrehart & Bange, of Hanover, Pa., for defendant.

JOHNSON, District Judge. This is a rule on the Hanover Trust Company to show cause why it should not deliver to the petitioner, James F. Johnson, trustee of the bankrupt estate of Samuel Want, the sum of $4,000, with interest from the 20th day of March, 1924, claimed by the said trustee as the property of the bankrupt estate of Samuel Want, which the said trust company secured after the adjudication of said Samuel Want as a bankrupt.

On June 7, 1917, the said Samuel Want and F. J. Voss gave their promissory note to the Hanover Trust Company, of Hanover, Pa., for $7,000. On the 18th day of April, 1918, the said Samuel Want was adjudicated a bankrupt in the United States District Court for the District of Maryland, and on the 25th day of April, 1918, the petitioner, James E. Johnson, was chosen trustee of the estate of said Samuel Want. This promissory note was presented by the Hanover Trust Company as a claim against the bankrupt estate of Want, and in May, 1919, it received a dividend on the claim of $155.69, and in September, 1920, it received a second dividend of $209.10.

On January 24, 1920, the said trust company recovered a judgment in the court of common pleas of Elk county, Pennsylvania, against the said Samuel Want and F. J. Voss on said note, in the sum of $8,240.58, with interest from January 24, 1920. Thereafter the said Hanover Trust Company caused an attachment execution to be issued upon said judgment against Want and Voss

in the court of common pleas of Elk county, Pennsylvania, and the Elk Fire Brick Company, garnishee, and on February 29, 1924, a judgment was entered in the said court in favor of said trust company and against the said Elk Fire Brick Company, garnishee, for the preferred stock of the said garnishee in its hands belonging to Want, of the par value of $3,633.89, with accrued dividends from April 1, 1917.

On March 13, 1924, the said trust company caused an execution to be issued upon the said judgment, directing the sheriff of Elk county, Pennsylvania, to levy upon the said preferred stock of the Elk Fire Brick Company belonging to Want, of the par value of $3,633.89, with the accrued dividends, and to make the sum of $8,240.58, with interest from January 24, 1920, and costs. This writ was duly returned by the sheriff of Elk county, showing the sale of the said preferred stock to the said trust company for the sum of $4,000, which is now in the possession of the said trust company, being the money in question.

[1] The question here to be determined is whether this sum of $4,000 belongs to the trustee of Samuel Want, bankrupt, for the benefit of his creditors generally, or whether it belongs to the said trust company. The trust company, in presenting the note for payment to the trustee in bankruptcy and accepting dividends from the trustee, is prevented from denying that the note is a claim against Want's estate, and the evidence in the case shows that the note was a personal obligation of Want and Voss, and the proceedings in the court of common pleas of Elk county on the judgment against Want and Voss show that the stock of the Elk Fire Brick Company in question was the property of Want, and therefore the $4,000 in question, realized from the sale of the stock, now belongs to the trustee in bankruptcy of Want's estate for the benefit of the unpaid creditors of the estate.

[2] The defendant, the Hanover Trust Company, contends that the trustee is guilty of laches in delaying to collect the said stock of the Elk Fire Brick Company; but it appears that the trustee was under the impression that the stock was of no value, and did proceed as soon as he was informed that the stock constituted an asset of the estate.

And now, January 13, 1928, this cause came on to be heard by petition, answer, and testimony thereon, and was argued by counsel, and upon due consideration thereof it is ordered, adjudged, and decreed that the prayer of the petitioner be granted, and the rule be made absolute, and the said Hanover Trust Company is ordered and directed to deliver to James F. Johnson, trustee of the bankrupt estate of Samuel Want, the sum of $4,000, with interest from March 20, 1924, as the property of the bankrupt estate of said Samuel Want.